UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 25-20023

      Plaintiff,                              F. Kay Behm
v.                                           United States District Judge

THOMAS WILLIAM CAMERON, JR.,

      Defendant.
_____ /

**ORDER DENYING PETITION FOR EARLY**
**TERMINATION OF SUPERVISED RELEASE (ECF No. 3)**

This case involves Defendant's second conviction for embezzling from a small business owner.  He embezzled more than $665,000 from his employer and in 2022, U.S. District Judge Paul Maloney of the Western District of Michigan sentenced Defendant to 33 months imprisonment for a violation of 18 U.S.C. § 1344(2) and also sentenced him to a term of four years of supervised release. (ECF No. 1-1).  His sentence was reduced to 27 months with the benefit of the 2023 retroactive sentencing guideline amendments.  *U.S. v. Cameron*, 22-cr-00071 (W.D. Mich), ECF No. 54.  In January 2025, jurisdiction over Defendant while on supervised release was transferred to the undersigned in the Eastern District of Michigan.  (ECF No. 2).  Approximately 14 months into his four-year

1

term of supervised released, Defendant moved for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  (ECF No. 3).  The government opposes the motion, ECF No. 8, and Defendant's probation officer takes no position on the motion.  For the reasons set forth below, the court **DENIES** the motion.

## I.     FACTUAL BACKGROUND

Defendant was hired in January of 2019 and within one month he began his scheme to defraud his employer of over $665,000.  PSR ¶¶ 2, 11, 14, 17. Defendant was employed, with an annual salary of $70,000, to oversee the business so the ophthalmologist could focus more on his patients.  PSR ¶¶ 11, 12. Defendant's duties afforded him access to his employer's financial accounts.  *Id*. When his employer was notified of the embezzlement and confronted Defendant, he told his employer he owed people money for gambling and he would be killed if he did not pay his debts.  PSR ¶ 15.  Defendant later advised that he "never believed his life was in danger."  *Id*.  Defendant embezzled funds through PayPal transfers for gambling purposes, unauthorized charges to company credit cards, cash advances, and stolen travel rewards in the amount of $665,556.52.  PSR ¶ 17.

When the victim spoke to Defendant's mother–the owner of the company

where Defendant is currently employed, ECF No. 3, PageID.19–she said, "Tommy has done it again."  She then wired $110,794.93 to the victim to offset some of the stolen funds.  PSR ¶ 18.  Unbeknownst to the victim at the time, Defendant's mother had previously wired $87,000 to the victim's account before the embezzlement was discovered.  *Id*.  The underlying offense was not Defendant's first of this nature.  In 2002 he was convicted of embezzlement and sentenced to 12 months' probation.  PSR ¶ 42.  And in 2005 and 2006 Cameron was convicted of first degree retail fraud.  PSR ¶ ¶ 43, 44.

## II.    LEGAL STANDARD

Section 3583(e)(1) requires that the movant surpass one year on supervised release, which Defendant has satisfied.  *United States v. Zai*, 2024 WL 84084, at *2 (6th Cir. Jan. 8, 2024).  If this threshold is met, a district court may, "after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances

when determining whether to grant early termination." *Id*. (quoting *United States*

*v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)).  The relevant § 3553(a) factors a court

must consider are:

> (1) the nature and circumstances of the offense and the
> defendant's history and characteristics; (2) the need to
> afford adequate deterrence to criminal conduct, protect
> the public from further crimes of the defendant, and
> provide him with needed education or vocational
> training, medical care, or other correctional treatment in
> the most effective manner; (3) the kinds of sentence and
> sentencing range established from the defendant's
> crimes; (4) pertinent policy statements issued by the
> United States Sentencing Commission; (5) the need to
> avoid unwarranted sentence disparities among
> defendants with similar records who have been found
> guilty of similar conduct; and (6) the need to provide
> restitution to any victims of the offense.

*United States v. Tavarez*, 141 F.4th 750, 756 (6th Cir. 2025) (citing § 3583(e);

§ 3553(a)(1), (2)(B)–(D), (4)–(7)).  Further, a district court may "consider whether

a defendant exhibited 'exceptionally good behavior' when exercising its broad

discretion to resolve motions for early termination of supervised release." *Hale*,

127 F.4th at 641.

III.    **DISCUSSION**

Defendant asserts that his supervised release should be terminated early

because he has fully complied with all the conditions imposed by the court.  He

has maintained gainful employment at two jobs, completed all court-ordered programs, paid his monthly restitution without interruption, and attended Gambler's Anonymous meetings.  He says early termination would allow him to accept a position with the National Parks Service in Washington State and allow him to pursue his original career in optometry, as his license is still valid. Defendant asserts that his current restrictions are significantly and negatively impacting his income ceiling and overall welfare.

The government objects to Defendant's motion.  The government points out that Defendant's probation officer described his adjustment to supervision as "adequate" noting that Defendant has been compliant with a "majority of the Court[']s requirements."  However, Defendant's probation officer relayed that in December of 2025, he was contacted by a probation officer from the District of Kansas advising that Defendant had contact with a convicted felon on supervised release.  This violates condition number 8 of his supervised release which prohibits knowingly communicating with a convicted felon without first obtaining permission.  (ECF No. 1, PageID.5).  The government also points out that Defendant provides no proof of an employment offer from the National Parks Service and he fails to articulate how supervised release is a barrier to that employment given that he could have his supervision transferred to Washington.

5

While Defendant claims that early termination would allow him to pursue his career in optometry because his license is still valid, the government points out that the PSR shows his license expired in 2015.  PSR ¶ 72.  While Defendant states that this "saga had enveloped almost six years of [his] life," the government points out that he embezzled over $650,000 from a small business, which has not been made whole.  Defendant claims that the travel limitations imposed by probation create substantial barriers to stability and upward mobility.  But the government points out that travel is permitted, it simply must be requested and approved.

While Defendant's efforts in maintaining employment and apparent compliance with the conditions of his supervision (except for one contact with a known felon) are commendable and positive, "the test for securing an early termination of supervised release is strict."  *United States v. Hart*, 2025 WL 3264518, at *2 (S.D. Ohio Nov. 24, 2025).  "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."  *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citation omitted).  "Similarly, productive employment, while laudable, does not justify the termination of supervision." *Id*. (citations and internal quotation marks omitted).

"If 'unblemished' post[-]release conduct warranted termination of supervised release, then 'the exception would swallow the rule,' i.e., diligent service of the full period of supervised release imposed at sentencing." *Id*. (citing *United States v. Givens*, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022)) (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).  Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Ferguson*, 2023 WL 8827691, at *2 (E.D. Mich. Feb. 2, 2023) (quoting *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted)).

Reviewing the record in this case in light of the relevant § 3553(a) factors, the court finds that it would not be appropriate to grant Defendant's request for an early termination of his supervised release; the nature and circumstances of the offense outlined above, Defendant's history and characteristics, the need to provide adequate deterrence, the protection of the public, and the need to provide restitution to the victim of the offense all support the conclusion that he should continue at this time to serve his term of supervised release.  *See United States v. Ramadan*, 2026 WL 45081, at *3 (E.D. Mich. Jan. 7, 2026) (citing *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion

for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient.") (quotation marks omitted)).  And while it is possible that Defendant could be able to earn more money absent supervision, he has proven that he can obtain and maintain multiple jobs while on supervised release.  "In other words, supervision has not been a significant impediment to gainful employment." *Givens*, 2022 WL 2820081, *2.

In sum, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release.  He committed a serious crime and still owes a significant amount of restitution.  Defendant has only been paying the minimum of $100 per month towards this balance.  By continuing Defendant's supervised release, the court will ensure that Defendant will remain under supervision during continuing efforts to collect restitution in this case.  *See Ferguson*, at *2.

For these reasons, Defendant's motion for early termination of supervised release is **DENIED**.

**SO ORDERED**.

Date: April 16, 2026                              s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge